IN THE CIRCUIT COURT OF JACKSON COUNTY MISSOURI
AT KANSAS CITY

CASE NO:
DIVISION:

JANAE MORRIS
    Plaintiff,
v.

NEUTRON HOLDINGS, INC.,
A Delaware corporation, d/b/a LIME
    Defendants.

## **PETITION**

Plaintiff, JANAE MORRIS (Hereinafter "MORRIS" or "Plaintiff") by and through the undersigned attorney, hereby sues Defendants, LIME (Hereinafter "LIME") and NEUTRON HOLDINGS INC. (Hereinafter "NHI"), and alleges:

1. This is an action for damages in excess of $396,910.20, exclusive of attorneys' fees, interest, and costs.

2. At all times material hereto, Plaintiff was a natural person and resident of Kansas.

3. At all times material hereto, Plaintiff, was the ride share customer of a Lime Scooter on November 3, 2018.

4. At all times material hereto, Defendants, Lime and NHI, was a for-profit corporation, licensed under the laws of the State of Delaware, and conducted substantial business in the State of Missouri including in Jackson County, Missouri

5. General personal jurisdiction over Defendant Lime and NHI is proper under the Missouri Long Arm Statute and constitutional minimum contacts so that Defendants Lime and NHI could be hauled into court in Missouri for any litigated dispute, because Defendants Lime and NHI engaged in substantial and not isolated activity in Missouri, including without limitation regularly conducting substantial business and other activities in Missouri and engaging in the activity of transporting goods in interstate commerce over Missouri roads.

EXHIBIT A

Electronically Filed - Jackson - Kansas City - February 18, 2020 - 01:17 PM

6. Specific personal jurisdiction over Defendants Lime and NHI to be subject to Missouri Courts for this case is proper under the Missouri Long Arm Statute and constitutional minimum requirements, because Defendants Lime and NHI committed the tortious acts giving rise to this action within the State of Missouri.

7. At all times material hereto, Defendants Lime and NHI, was the registered owner and manufacturer of the Lime Scooters.

8. At all times material hereto, Defendants Lime and NHI were incorporated in Deleware.

9. Specific personal jurisdiction over Defendants Lime and NHI to be subject to Missouri courts for this case is proper under the Missouri Long Arm Statute and constitutional minimum contacts, since Defendants committed the tortious acts giving rise to this action within the State of Missouri. See R.S. Mo. §506.500.1(3).

10. The accident which gives rise to this Complaint occurred on or about November 3, 2018 in Kansas City, Jackson County Missouri.

11. On or about November 3, 2018 Defendants Lime and NHI, introduced Lime Scooters to Kansas City, Missouri. Lime is a transportation company that runs electric scooters, electronic bikes, and traditional pedal bikes.

## COUNT I NEGLIGENCE OF LIME AND NHI

12. Plaintiff realleges paragraphs 1-11 of this Complaint and incorporate them herein by reference as if each were fully set forth herein in their entirety.

13. On or about November 3, 2018, Plaintiff, MORRIS, was a registered rider lawfully operating a Lime Scooter on Broadway Boulevard in Kansas City, Missouri.

14. At approximately the same place and date, Plaintiff Morris, operated a Lime Scooter that malfunctioned while she drove it. The scooter lost the ability to break.

15. At all times material hereto, Defendants Lime HGI, had a non-delegable duty to inspect the vehicles in a reasonable and safe manner and to know of and abide by all state laws, statutes, regulations and industry standards governing the safe manufacturing and production of commercial transportation vehicles.

16. Defendants Lime and HGI, breached those duties and was negligent in the manufacturing, production and/or inspection of the transportation goods that they sell.

17. Defendant Lime and HGI, breached the duty to provide Adequate Warning that there was a manufacturing or design defect.

18. Defendant Lime and HGI breached the duty to cure design defects that injured other customers of the Lime Scooters.

19. Plaintiff had no time to effectuate evasive action or otherwise avoid the collision.

20. On November 12, 2019, Lime and HGI officially recalled the Lime Scooters from Kansas City, Missouri after multiple complaints and reports of manufacturing defects.

21. Defendants Lime and HGI, improperly erected electronic bikes that contained defects which effected the breaks of the Lime Scooters. As a direct and proximate result of Defendants Lime and HGI's, negligence and the location of the electronic scooters, Plaintiff, suffered severe and permanent injuries.

22. As a direct and proximate result of Defendants Lime and HGI's, negligence, Plaintiff, suffered the following damages in whole or in part:
   a. Bodily injuries, past and future;
   b. Pain and suffering, past and future;
   c. Physical limitation, past and future;
   d. Decreased enjoyment of life and decreased life choice;
   e. Lost wages, past and future;
   f. Medical expenses, past and future;
   g. Permanent injuries; and
   h. Other injuries and damages as may be established.

23. The injuries suffered by Plaintiff, are either permanent or continuing in nature and may or may not include aggravation of pre-existing conditions. Plaintiff, will continue to suffer impairments and economic and non-economic damages in the future. However, should it be determined that any such bodily injuries are not permanent, then Plaintiff, claims entitlements to all damages resulting from non-permanent injuries sustained which are based upon benefits not paid by personal injury protection (No Fault Benefits).

**WHEREFORE**, Plaintiff, JANAE MORRIS, demands judgment against Defendants, LIME AND NEUTRON HOLDINGS INCORPORATED for all damages permitted by Missouri law, costs, prejudgment interest on expenses incurred and post judgment interest, together with such other and further relief this Court deems equitable and just.

### TRIAL BY JURY

Plaintiff respectfully demand a trial by jury of all issues and counts so triable herein.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd Day of January 2020 the foregoing document has been filed with the Clerk of the Courts and a copy have been furnished to the opposing counsel, Natasha Scruggs, Esq. via email at akoscielski@hinshawlaw.com.

Respectfully Submitted by:

**THE SCRUGGS FIRM, LLC.**

/s/Natasha M. Scruggs
**NATASHA M. SCRUGGS, ESQ.**
Email: natasha@scruggsfirm.com
MBN: 70717

*Attorney for Plaintiff*
2703 NW Platte Rd.
Riverside, MO 64150
Phone: (816) 203-0732
Fax: (816) 535-2140