IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JANAE MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-CV-00876-DGK |
| ) | |
| NEUTRON HOLDINGS, INC. ) | |
| d/b/a LIME, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

This lawsuit arises from an accident that occurred while Plaintiff Janae Morris was riding a scooter rented from Defendant Neutron Holdings, Inc. d/b/a Lime ("Lime"). Now before the Court is Defendant's Motion to Compel Arbitration and to Dismiss, Or In The Alternative, Stay Litigation. ECF No. 13. Because the arbitration provision is valid and this dispute falls within its scope, the motion is GRANTED.

**Standard**

Congress enacted the Federal Arbitration Act ("FAA") to overcome courts' traditional reluctance to enforce arbitration agreements. *Allied- Bruce Terminix Cos.* v. *Dobson,* 513 U.S. 265, 270 (1995). The FAA provides that arbitration agreements "shall be valid irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The Supreme Court has stated repeatedly that this provision establishes a 'liberal federal policy favoring arbitration agreements.'" *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1052 (8th Cir. 2013) (quoting *CompuCredit Corp. v Greenwood*, 132 S.Ct. 665, 669 (2012)). The FAA also provides for stays of proceedings in federal district courts when an issue is referable to arbitration, and for orders compelling arbitration when one party has failed, neglected, or refused

to comply with an arbitration agreement.  *Gilmer* v. *Interstate/Johnson Lane Corp.,* 500 U.S. 20, 25 (1991).

To determine whether a particular dispute must be arbitrated, the court considers (1) whether there is a valid agreement to arbitrate; and (2) whether the dispute falls within the scope of the agreement.  *Lyster* v. *Ryan's Family Steak Houses, Inc.,* 239 F.3d 943, 945 (8th Cir. 2001).  In construing contract language on arbitrability, any doubts are resolved in favor of arbitration.  *CD Partners, LLC* v. *Grizzle,* 424 F.3d 795, 798 (8th Cir. 2005).  The party resisting arbitration bears the burden of showing the agreement is unenforceable.  *Cf. Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000).

**Discussion**

There is no dispute that Plaintiff agreed to the arbitration provision in the smart phone application she used to sign up with Lime and rent the scooter, nor is there any dispute that the arbitration provision covers Plaintiff's negligence claim against Lime.  Rather, Plaintiff contends the arbitration provision is invalid under Missouri Revised Statute § 435.350, which provides that a written agreement to submit any controversy to arbitration is valid, except for "contracts of insurance and contracts of adhesion."  Plaintiff argues the arbitration agreement at issue here is an unconscionable contract of adhesion.  Plaintiff also asserts the Missouri statute is not preempted by the FAA due to a provision in the McCarron-Ferguson Act stating that no federal statute shall supersede any state law regulating the business of insurance.  15 U.S.C. § 1012(b).

This argument is meritless.  It is well-settled that the FAA preempts § 435.350.  Indeed, the Missouri case Plaintiff cites in support of her position—*Swain v. Auto Services, Inc.*—recognizes that the FAA preempts § 435.350:  "The Missouri Act [§ 435.350] cannot be applied to circumvent an arbitration provision that falls within the scope of the FAA.  Application of

2

[§ 435.350] is, therefore, pre-empted by the FAA." *Swain v. Auto Servs., Inc.*, 128 S.W.3d 103, 106 n.2 (Mo. Ct. App. 2003); s*ee Thrivent Fin. for Lutherans v. Lakin*, 322 F. Supp. 2d 1017, 1024 (W.D. Mo. 2004) (Gaitan, J.) (noting that outside of the insurance context, the FAA "come[s] into play.").

The only question is whether the case should be stayed or dismissed while the parties pursue arbitration. Where, as here, arbitration is compelled pursuant to the FAA and an arbitration agreement, "[t]he FAA generally requires a Federal District Court to stay an action pending in arbitration, rather than to dismiss it." *Green v. SuperShuttle Intern, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3). Seeing no reason why this case should be dismissed, the Court orders it be stayed while arbitration is pending.

## Conclusion

Defendant's motion is GRANTED. This case shall be stayed while arbitration is pending. The parties shall file a joint status report every one hundred and twenty days.

**IT IS SO ORDERED.**

Date:  April 9, 2021   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT